[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising one assignment of error, plaintiff-appellant the state of Ohio appeals from the judgment of the trial court granting defendant-appellee Wayne Evert Adkins's motion to suppress evidence obtained from him as the result of a warrantless search and seizure.
The evidence presented at the hearing on the motion to suppress established that, on October 13, 1999, Officer Steve Keller was on routine patrol when he observed Adkins driving a car with no front license plate. Keller initiated a traffic stop based on the license violation, and Officer Steve Moster responded to the scene. Moster initially remained at the side of a police cruiser while Keller approached Adkins's car and informed him why he had been stopped. Keller then asked Adkins for permission to search his car. After Adkins refused, Keller returned to his cruiser to write the citation. While Keller was doing this, Moster approached Adkins. During a brief conversation, Adkins reaffirmed that he did not want his car searched. Moster joined Keller at the cruiser and informed him of Adkins's statement. Keller then returned to Adkins's car. Before handing the citation to Adkins, Keller paused to ask him whether he had no front license plate or whether he had one but had just failed to install it. Adkins indicated that he did have a front plate. According to Keller, he then asked Adkins if he would mind showing him the plate, Adkins said that he would not mind, and he willingly got out of his car and opened his trunk. But Adkins testified that Keller had instructed him to open his trunk after he had explained, in response to Keller's inquiry, that he had a front plate but that it was in the trunk.
When Adkins opened his trunk to retrieve the plate, the officers observed what appeared to be a stack of unused game tickets from an establishment known as Dave Busters. Suspicious that the tickets were stolen, the officers decided to put Adkins in the back of the cruiser while they investigated. Before doing so, Keller patted Adkins down. During the patdown, Keller felt several objects in one of Adkins's pockets. Keller believed that the objects were contraband and removed them, finding them to be marijuana and a pipe.
Adkins was arrested and charged with possession of drugs, possession of illegal drug paraphernalia, and receiving stolen property. After pleading not guilty, Adkins moved to suppress the evidence obtained as a result of the warrantless search and seizure. Following a hearing, the trial court granted Adkins's motion. The court issued no written decision or findings of fact. In this appeal, the state now contends that the trial court erred in granting the motion. We disagree.
There is no dispute that the absence of a front license plate on Adkins's car provided Keller with a sufficient basis to stop Adkins.[1]
Moreover, we conclude that, because Keller's inquiry as to whether Adkins had a plate was related to the purpose of the original stop, Keller did not impermissibly extend his detention of Adkins.[2] Accordingly, we, as well as the parties, view the crucial issue in the case as whether Adkins voluntarily consented to open his trunk or whether he was coerced to do so. Because the officers lacked probable cause to search the trunk, in the absence of consent, the warrantless search of the trunk would have been in violation of Adkins's rights under the Fourth Amendment.[3]
If the record contains competent, credible evidence that, if believed by the trial court, would have justified its conclusion that Adkins was coerced to open his trunk, we must affirm the trial court's judgment.[4]
Our review of the record convinces us that such evidence is present. Specifically, Adkins testified that he did not open the trunk voluntarily, but, rather, opened it because Keller had commanded him to do so. This assertion was bolstered by the fact that Adkins had previously withheld his consent to have Keller and Moster search the car. And although Keller presented contrary testimony, the trial court was entitled to credit Adkins's testimony and to determine that he did not open the trunk voluntarily.
Accordingly, we conclude that the trial court did not err in excluding the fruits of the illegal search. The assignment of error is overruled and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] See Whren v. U.S. (1996), 517 U.S. 806, 116 S.Ct. 1769.
[2] State v. Robinette (1997), 80 Ohio St.3d 234, 685 N.E.2d 762.
[3] See Schneckloth v. Bustamonte (1973), 412 U.S. 218,93 S.Ct. 2041.
[4] See State v. Curry (1994), 95 Ohio App.3d 93, 64 N.E.2d 1172; Statev. Hill (1998), 127 Ohio App.3d 265, 712 N.E.2d 791.